UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS MANUEL GONZALEZ-GARCIA;
ANGEL ALPIZAR-SANCHES; and
ESMERALDA GONZALEZ-CANO,

    Plaintiffs,

v.                        Case No. 6:18-cv-208-Orl-37DCI

U.S. ATTORNEY GENERAL; and
SECRETARY OF THE DEPARTMENT
OF HOMELAND SECURITY,

    Defendants.

**ORDER**

Before the Court's is Defendants' Motion to Dismiss Plaintiffs' Complaint. (Doc. 29 ("**Motion**"). Plaintiffs oppose. (Doc. 32.) On review, the Motion is due to be granted.

### I. BACKGROUND

Plaintiffs initiated this action on February 9, 2018 against Defendants alleging violations of their constitutional rights to due process and equal protection. (Doc. 1.) Plaintiffs are minor U.S. citizen-children whose parents are aliens with final orders of removal whose applications to cancel removal under section 240A(b) of the Immigration and Nationality Act ("**INA**"), 8 U.S.C. § 1229b(b) ("**Applications**") were denied. (Doc. 1, p. 2.)

As Plaintiffs are minors, their parents are representing them here. (*Id.* at 5–7.) Luis Manuel Gonzalez-Garcia is a national and citizen of Mexico. (*Id.* at 5.) He entered the U.S.

-1-

around April 1995, without inspection, through Arizona and has three children: co-Plaintiffs M.G. born in 2010, L.F.G.R. born in 2006, and J.M.G. born in 2002. (*Id.*) Angel Alpizar-Sanches is also a national and citizen of Mexico who entered the U.S. through Phoenix, Arizona around March 1998 without inspection. (*Id.* at 6.) He has four children: co-Plaintiffs A.A. born in 2004, R.A. born in 2008, A.J.A. born in 2010, and C.A. born in 2014. (*Id.*) Last, Esmeralda Gonzalez-Cano is a national and citizen of Mexico who entered the U.S. through Hidalgo, Texas around August 1994 without inspection. (*Id.* at 6.) She has four children: co-Plaintiffs R.A.G. born in 1998, E.D.G. born in 2000, J.A.G. born in 2002, and B.G. born in 2005. (*Id.*)

Plaintiffs take issue with the INA's administrative process for evaluating the Applications, claiming: (1) it violates both procedural and substantive due process because Plaintiffs are not given notice or the opportunity to present evidence at their parents' hearings (*id.* ¶ VI. ("**Due Process Claim**")); (2) its "exceptional and extremely unusual" hardship standard violates equal protection (*id.* ¶ VII. ("**Equal Protection Claim**")); and (3) the standard is unconstitutionally vague as-applied to Plaintiffs (*id.* ¶ VIII ("**Vagueness Claim**")). They seek declaratory and injunctive relief that "requir[es] [Defendants] . . . to refrain from applying the current regulatory scheme implementing Section 240A(b) of the INA against [Plaintiffs] until its constitutional deficiencies have been corrected, [Plaintiffs] have been provided a meaningful opportunity to be heard, and this action has reached its final adjudication and conclusion," and that "preserve[s] the status quo and preclude[s] the removal of [Plaintiffs'] parents from the United States and requir[es] [Defendants] . . . to refrain from any action to initiate or continue the

removal [of] [Plaintiffs'] parents . . . ." (*Id.* ¶¶ X.5–6.)

With the Complaint, Plaintiffs moved for a temporary restraining order and preliminary injunction (Doc. 2), which the Court denied without prejudice (Doc. 5). Plaintiffs renewed these motions (Docs. 6, 7); the Court again denied the motion for a temporary restraining order but took under advisement the preliminary injunction motion (Doc. 9 ("**PI Motion**")). Both parties submitted briefing and evidence (Docs. 7, 8, 14, 15, 16), and the Court held a hearing on March 13, 2018 where the PI Motion was orally denied (Doc. 17.) The Court then summarized its findings in a short, written order: Plaintiffs had not met their burden of showing a substantial likelihood of success on the merits. (Doc. 18, p. 3.)

Defendants then filed the instant Motion, seeking dismissal of this action with prejudice under Federal Rule of Civil Procedure 12(b)(6). (Doc. 29.) With Plaintiffs' Response (Doc. 32), the matter is ripe.

## II. LEGAL STANDARDS

Under the minimum pleading requirements of the Federal Rules of Civil Procedure, plaintiffs must provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. *See* Fed. R. Civ. P. 8(a), 8(d), & 10(b). If a complaint does not comport with these minimum pleading requirements, if it is plainly barred, or if it otherwise fails to set forth a plausible claim, then it is subject to dismissal under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Plausible claims must be founded on sufficient "factual content" to allow "the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 679. In assessing the sufficiency of factual content and the plausibility of a claim, courts draw on their "judicial experience and common sense" in considering: (1) the exhibits attached to the complaint; (2) matters that are subject to judicial notice; and (3) documents that are undisputed and central to a plaintiff's claim. *See id.*; *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012); *Parham v. Seattle Serv. Bureau, Inc.*, 224 F. Supp. 3d 1268, 1271 (M.D. Fla. 2016). Courts do not consider other matters outside the four corners of the complaint, and they must: (1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff. *See Hayes v. U.S. Bank Nat'l Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016);[1] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

### III. ANALYSIS[2]

---

[1] Although Defendants do not launch a 12(b)(1) attack on the Court's subject matter jurisdiction, following the guidance of other courts that have considered similar claims, the Court finds that it has jurisdiction over Plaintiffs' claims, as they are not "by or on behalf of any alien arising from" the removal decision; rather, these claims are by Plaintiffs as citizen-children, to vindicate their personal constitutional rights. *See Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 620–25 (6th Cir. 2010); *Coleman v. United States*, 454 F. Supp. 2d 757, 765 (N.D. Ill. 2007). *But see Doe ex rel. Aguirre-Guerra v. Holder*, 446 F. App'x 54, 56–57 (9th Cir. 2011) (finding district court had no jurisdiction to review 12(b)(6) motion when citizen-child challenged § 1229b(b)(1)(D) standard applied to father's application for cancellation of removal). From the Court's research, the U.S. Court of Appeals for the Eleventh Circuit's position has not been elucidated.

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007)

It is well-settled that lawfully removing a parent does not deprive a U.S. citizen child of a constitutional right. *See Perdido v. I.N.S.*, 420 F.2d 1179 (5th Cir. 1969); *Gonzalez-Cuevas v. I.N.S.*, 515 F.2d 1222, 1224 (5th Cir. 1975) ("Legal orders of deportation do not violate any constitutional right of citizen children . . . .").[3] (*See also* Doc. 15, pp. 4–5 (Government's response citing cases from other circuits).) Furthermore, "each court that has addressed the issue at the heart of this case—whether a removal order against an alien parent violates the constitutional rights of a citizen child—has held that removal is not constitutionally infirm, even if that removal constitutes the 'constructive' or '*de facto*' deportation of a citizen child." *See Coleman v. United States*, 454 F. Supp. 2d 757, 767, 767 n.11 (N.D. Ill. 2006) (comprehensively surveying case law which does not recognize a constitutional violation when U.S. citizens' parents are removed).

Thus, it is well-established that removal itself does not establish a constitutional violation. But Plaintiffs do not sweepingly make this claim. Rather, they seek to challenge the constitutionality of *how* the Government arrives at the decision to not suspend deportation proceedings against individuals with children who are U.S. citizens. (Doc. 32, p. 2.) Specifically, they challenge the way Defendants implement Section 240A(b) of the INA (*id.*), which allows cancellation of removal if the alien:

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
(B) has been a person of good moral character during such period;
(C) has not been convicted of [certain types of offenses]; and

---

[3] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1)(A)–(D). Plaintiffs zero in on the last provision: the standard of establishing "exceptional and extremely unusual hardship" as unconstitutional. (Doc. 32.) But for each alleged constitutional violation, Plaintiffs' arguments are foreclosed.

### A. Due Process Claim

First, Plaintiffs argue that Defendants' removal proceedings violate their procedural due process by not affirmatively granting them a number of rights related to the hearing, such as the right to be notified of the hearing, the right to testify, the right to an attorney, and the right to be represented by a guardian ad litem. (Doc. 1, ¶ VI.) Yet at the heart of procedural due process is a constitutional right that the government seeks to abridge—a liberty or property interest. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."). Aliens have due process rights in removal proceedings under the Fifth Amendment, and one of these rights is a full and fair hearing. *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016). This right is violated if: (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case; and (2) the alien proves that the alleged violation prejudiced his or her interests. *Id.* (citations omitted). Notably, this right is constrained: aliens have a right to procedurally fair hearings, but "aliens have no fundamental right

to discretionary relief from removal for purposes of due process and equal protection because such relief is a privilege created by Congress." *Id.* (citation and quotation marks omitted).

Here, Plaintiffs are *children* of aliens subject to removal. No court has extended procedural due process to constitutionally require their presence and representation at these hearings. Rather, courts have uniformly recognized that "the removal of aliens does not violate either their constitutional rights or the constitutional rights of their U.S. citizen family members." *See Martial-Emanuel v. Holder*, 523 F. App'x 345, 350 (6th Cir. 2013) (citing cases). Furthermore, as the Government points out, Plaintiffs do not contend that they were not allowed to be present at their parents' removal hearings or that their testimony could not be encapsulated in their parents' argument—since aliens have the right to present witnesses at deportation hearings. (*See* Doc. 29, p. 7 (citing *Rocha v. Holder*, No. 3:07-cv-1115(RNC), 2009 WL 508534, at *1 (D. Conn. Feb. 26, 2009) (holding that "[t]he due process claim is unavailing because there is no allegation that the minor plaintiff's father was prevented from offering evidence or argument that would have been presented by the plaintiff if he had been given the opportunity to be heard")).) Thus, without showing a constitutional interest implicated in their parents' removal proceedings, Plaintiffs' procedural due process claim fails.

Moreover, to the extent Plaintiffs seek to assert a substantive due process claim (Doc. 1, ¶ VI.), that also fails. As the Ninth Circuit found in *Mendez-Garcia*, [d]enial of such discretionary relief cannot violate a substantive interest protected by the Due Process clause. Because [c]ancellation of removal is a form of discretionary relief which

does not give rise to a substantive interest protected by the Due Process Clause, its denial likewise does not deprive an applicant of a constitutionally protected liberty or property interest." 840 F.3d at 665 (citation and quotation marks omitted). That Plaintiffs are the children of such applicants does not alter this calculus. *See Coleman*, 454 F. Supp. 2d at 766–68 (finding no constitutional hardship suffered by citizen-child whose parent was subject to removal). As such, Plaintiffs failed to state a plausible Due Process Claim.

### B. Equal Protection Claim

Next, Plaintiffs attempt to bring an equal protection challenge to § 240A(b) by comparing the "exceptional and extremely unusual hardship" standard for cancellation of removal with other sections of the INA that only require an alien to show "extreme hardship" to receive discretionary relief. (Doc. 1, ¶ VII.); *see, e.g.*, 8 U.S.C. § 1229b(b)(2)(A)(v) (allowing the Attorney General to cancel removal for a battered spouse or child if, among other factors, the alien can show that "the removal would result in extreme hardship to the alien, the alien's child, or the alien's parent"). Plaintiffs allege there is no rational basis for this differential treatment. (*See* Doc. 1, ¶ VII.) This claim has been weighed and found wanting.[4]

Congress holds expansive authority over immigration matters. *See Mathews v. Diaz*, 426 U.S. 67, 81 (1976). With this, "Congress has . . . exceptionally broad power to determine which classes of aliens may lawfully enter the country." *Fiallo v. Bell*, 430 U.S.

---

[4] Notably, Plaintiffs' Response does not rebut the Government's argument for their Equal Protection Claim. (*See* Doc. 32.) Rather, the Response focuses on Plaintiffs' Due Process and Vagueness Claims. (*See id.* at 2–9.)

787, 794 (1977). Part of this gate-keeping power is the authority to remove someone who has unlawfully entered the country. *Marin-Garcia v. Holder*, 647 F.3d 666, 672 (7th Cir. 2011). Congress, in exercising this authority, is fully within its powers to enact different removal standards, and even "make it difficult to establish exceptional and extremely unusual hardship under Section [240A(b)]." *Id.* at 674. So although equal protection requires that all persons similarly circumstanced be treated alike, the Constitution recognizes that "things which are different in fact" do not have to be "treated in law as though they were the same." *See id.* (citing *Plyer v. Doe*, 457 U.S. 202, 216 (1982)). Indeed, "nothing in the constitution prohibits Congress from placing robust limits on [immigration] policy," and it is not an equal protection violation to have differing standards for aliens in different circumstances. *See id.*; *see also Velazquez v. Gonzalez*, 237 F. App'x 283, 285 (9th Cir. 2007) (rejecting argument that hardship standard "violates equal protection because it permits some United States citizens to suffer hardship and be denied the rights of citizenship"). As it stands, Plaintiffs' Equal Protection Claim fails.

### C. Vagueness Claim

Last, Plaintiffs claim that § 240A(b) is unconstitutionally vague as applied to them (Doc. 1, ¶ VIII.) As Defendants note (Doc. 29, pp. 8–9), the Eleventh Circuit rejected this argument in a similar context to Plaintiffs. *See Miranda v. U.S. Atty. Gen.*, 632 F. App'x. 997, 999 (11th Cir. 2015) There, the petitioner claimed that he met the hardship standard of § 240A(b) because returning to his home country would mean his children would lose his financial support; and have fewer economic, medical and educational opportunities. *Id.* His claim was rejected because his hardships were not "unusual when a family

member is removed," and thus "clearly insufficient to satisfy the 'exceptional and extremely unusual hardship standard.'" *Id.* The Eleventh Circuit upheld that decision and found the statute not unconstitutionally vague as-applied to him. *See id.* ("We reject Petitioner's argument that the 'exceptional and extremely unusual hardship' standard is unconstitutionally vague.").

Here, Plaintiffs did not mention *Miranda* in their Response. (Doc. 32.) Rather, they rely on the recent U.S. Supreme Court decision, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) that held unconstitutionally vague another section, the residual clause, of the INA. *Id.* at 1215. That case is inapposite here, where Plaintiffs' claim stems from Defendants' discretionary decision to not to cancel removal proceedings for already deportable aliens. (*See* Doc. 1, p. 2.) Plaintiffs allege that there is no "clear, specific guidance as to how requirements of the statute are to be interpreted or applied," and "decisions are virtually indistinguishable from each other from a factual standpoint and provide so much discretion to Immigration Judges as to render their verdicts arbitrary." (*Id.* ¶ VIII.(b).) This argument is twice flawed.

First, in this context, the Supreme Court has separately noted that *any* suspension of deportation should be considered an "act of grace," wholly accorded pursuant to "unfettered discretion." *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30 (1996). In this system of discretion, Congress announced the "specific statutory standards which provide a right to a ruling on an applicant's eligibility," but "Congress did not provide statutory standards for determining who, among qualified applicants for suspension, should receive the ultimate relief. That determination is left to the sound discretion of the

Attorney General." *Jay v. Boyd*, 351 U.S. 345, 353–354 (1956). Indeed, "a grant thereof is manifestly not a matter of right under any circumstances, but rather is in all cases a matter of grace—[l]ike probation or suspension of criminal sentence." *Id.* (internal citations omitted); *see also Perdido*, 420 F.2d at 1181. So even in the Complaint's best light, Plaintiffs' claim seems implausible.

Second, in this context where the hardship standard was applied to Plaintiffs' *parents*, it is unclear how Plaintiffs can allege the standard was unconstitutionally vague as applied to them. Plaintiffs' Response offers no clarity, rather it recites the same claim that determining what constitutes an exceptional and extremely unusual standard "has been impermissible delegated to Immigration Judges and BIA Board members for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." (Doc. 32, p. 8.) Such statements are merely conclusory; as such, Plaintiffs fail to state a plausible claim that the standard, as-applied to them, was unconstitutionally vague. The Court rejects Plaintiffs' Vagueness Claim.

### D. The Court Cannot Award Plaintiffs Relief

Ultimately, even if Plaintiffs had stated plausible claims, the Complaint cannot survive Defendants' Motion because this Court cannot grant Plaintiffs their requested relief. Plaintiffs' parents' final removal orders have already been issued, but remain unexecuted. (*See* Doc. 1, pp. 5–7.) Plaintiffs seek a court order directing the Government to continue discretionarily staying their parents' removal and maintain the "status quo." (Doc. 1, ¶ X.) They ask this Court to insert itself into the pending removal proceedings and halt them, while claiming that doing so would not require the Court to "review or

-11-

cancel the removal order[s]." (Doc. 32, p. 12.) They characterize their relief this way because 8 U.S.C. § 1252(b)(9) bars a federal court from reviewing removal orders:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

In the face of § 1252(b)(9), the Court finds no authority to provide Plaintiffs' requested relief of preventing Defendants from carrying out their removal orders. *Cf. Hamdi*, 620 F.3d at 628 ("But under the current interpretation of § 1252(b)(9), no federal court has the authority to review the order of removal of the mother . . . to determine whether a violation of the child['s] . . . constitutional rights renders the imposition of the mother's removal order invalid or whether the Immigration Court would have decided, in its discretion, not to order [the mother's] removal if it had otherwise entertained the claims now presented by [the child].") To do this necessarily involves reviewing the removal proceedings and pending orders, and the Court finds no authority for Plaintiffs' contentions otherwise (*see* Doc. 32, p. 12). Indeed, none of Plaintiffs cited cases contemplate a district court awarding such relief, and the Court could not find authority otherwise to allow such judicial intrusion pending removal. So with this roadblock, Plaintiffs' claims have stalled out. *See, e.g.*, *Hamdi*, 620 F.3d at 628; *Lopez-Mejia v. Lynch*, No. 1:16-CV-549, 2017 WL 25501, at *5 (S.D. Ohio Jan. 3, 2017); *cf. Coleman*, 454 F. Supp. 2d at 769. Powerful as it is, sympathy cannot carry the day. Maintaining the intact nuclear

family in the United States, the clear goal of Plaintiffs' Complaint, requires legislative action and is not available by judicial fiat. This case is due to be dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (Doc. 29) is **GRANTED**.

2. Plaintiffs' Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to terminate all pending deadlines and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 26, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record